IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

AUSTIN EDWARD LIGHTFEATHER,

Petitioner,

vs.

STATE OF NEBRASKA,

Respondent.

8:22CV258

MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Austin Edward Lightfeather's Petition for Writ of Habeas Corpus, Filing No. 1, and Motions for Leave to Proceed in Forma Pauperis, Filing No. 4, and Filing No. 8. Also before the Court is Petitioner's Request to Add Information, Filing No. 9.

The Court first addresses Petitioner's Motions for Leave to Proceed in Forma Pauperis. Habeas corpus cases attacking the legality of a person's confinement require the payment of a $5.00 filing fee. 28 U.S.C. § 1914(a). However, after considering Petitioner's financial status as shown in the records of this Court in another of Petitioner's cases (*see Lightfeather v. Dietary of the Lancaster County Jail, et al.*, Case No. 8:22-CV-224, inmate trust account statement at Filing No. 10), leave to proceed in forma pauperis will be granted and Petitioner is relieved from paying the filing fee. *See* 28 U.S.C. § 1915(a)(1). The next step in this case is for the Court to conduct a preliminary review of the habeas corpus petition under 28 U.S.C. § 2241.[1]

---

[1] The Court conducts this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the court to apply Rule 4 of those rules to a section 2241 action.

Petitioner is currently incarcerated at the Lancaster County Jail as a pretrial detainee.[2] Filing No. 1 at CM/ECF p. 1. Petitioner names only the State of Nebraska as a respondent. It is difficult to discern Petitioner's claims, but, liberally construed, he makes the following allegations of wrongdoing about his confinement in Lancaster County Jail:

Cancer Treatment: In June 2021, Petitioner was sent to the Lincoln Regional Center (LRC) for a competency evaluation. Filing No. 1 at CM/ECF p. 1. While at the LRC, Petitioner was diagnosed with cancer. Filing No. 1 at CM/ECF p. 1. Despite his cancer diagnosis, Petitioner alleges "no cancer medication has been proscribed [sic]" and "no health questions have been asked." Filing No. 1 at CM/ECF pp. 1-2. Petitioner alleges that "medical" does not perform daily vital checks of his blood pressure, lungs, or heartrate to ensure his health condition is not worsening. Filing No. 1 at CM/ECF p. 2.

General Conditions of Confinement: Petitioner makes allegations about several other general conditions of his detention. Petitioner asserts that his food is not properly proportioned and has caused him to gradually lose weight. Filing No. 1 at CM/ECF p. 2. He also alleges that a "large bug is in my mattress that has gone unaddressed" and he has been accused of being delusional when he has reported a lack of sleep. Filing No. 1 at CM/ECF p. 2. He alleges that the water in the shower is too cold. Filing No. 1 at CM/ECF p. 2. He alleges the jail has very cold air in the ventilation system during the winter. Filing No. 1 at CM/ECF p. 3. He alleges he has to wait as much as a week sometimes to have access to underwear or the laundry. Filing No. 1 at CM/ECF p. 3. He

---

[2] *See State v. Lightfeather*, Case No. CR 21-1243 in the District Court of Lancaster County, Nebraska, at https://www.nebraska.gov/justice/case.cgi.

2

alleges he has not been permitted to have a radio or a tablet even though other inmates have access to them. Filing No. 1 at CM/ECF p. 3.

Mistreatment by Jail Officials: Petitioner alleges that due to his cancer, he is kept in an isolated unit away from the general population. Filing No. 1 at CM/ECF p. 2. He alleges officers that placed him in the isolated unit lacked training on how to properly care for adults with autism. Filing No. 1 at CM/ECF p. 2. Petitioner also alleges the county used his mug shot to violate his privacy when county employees recorded him using their social media. Filing No. 1 at CM/ECF p. 3. Petitioner alleges that in 2021, he was beaten by a team of officers for breaking a tablet. Filing No. 1 at CM/ECF p. 3. He also alleges officers subjected him to a "false knife claim" and called him a racial slur. Filing No. 1 at CM/ECF p. 3.

Involuntary Injections: In his original Petition, Petitioner alleges he was given a shot of Invega, which caused irritation, unaddressed urinary issues, and a weakened immune system. Filing No. 1 at CM/ECF p. 3. Petitioner moves to supplement his original Petition to add allegations about injections of a drug called "Envaga"[3] he received on June 1, 2022, June 25, 2022, July 13, 2022, and August 1, 2022. Filing No. 9 at CM/ECF p. 1. He alleges he received these injections against his will, and they caused a mini-stroke, confusion, heart weakness, loss of breathing, and depression. Filing No. 9 at CM/ECF p. 2. He asserts that he was improperly treated because Envaga is used to treat schizophrenia and he has not been diagnosed with schizophrenia. Filing No. 9 at

---

[3] Petitioner's reference to Envaga in his request to add information presumably refers to the same Invega injections he references in his original Petition. The Court's cursory research did not reveal any information about a drug called "Envaga." However, the Court notes there is a drug known as Invega, which is a paliperidone used to treat schizophrenia and schizoaffective disorder. *See* National Library of Medicine, United States Department of Health and Human Services, "Paliperidone," available at https://medlineplus.gov/druginfo/meds/a607005.html (last visited September 22, 2022).

3

CM/ECF p. 3. Petitioner does not indicate who forced the injection, but the Court infers from the context that the injections allegedly occurred while Petitioner was in custody at the Lincoln County Jail. *See* Filing No. 9 at CM/ECF pp. at 3, 4.

Liberally construed, Petitioner asserts that the conditions described in his Petition and supplemental information violate his rights and entitle him to release. Petitioner's claims would therefore be civil rights claims related to his conditions of confinement which are not the proper subject of a habeas corpus action. As the Supreme Court of the United States has explained,

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

*Muhammad v. Close*, 540 U.S. 749, 750 (2004). To the extent Petitioner's claims are related to conditions of his detention, such claims must be brought under § 1983.

Regarding Petitioner's request for release, "[s]ection 2241 has been recognized as a potential source of habeas review for state pretrial detainees." *Moore v. United States*, 875 F. Supp. 620, 622 (D. Neb. 1994) (citing *Palmer v. Clarke*, 961 F.2d 771 (8th Cir.1992); *Atkins v. Michigan*, 644 F.2d 543 (6th Cir.1981); *Dickerson v. Louisiana*, 816 F.2d 220, 224–26 (5th Cir. 1987)). However, before the Court can review the claims of a state pretrial detainee under section 2241, two requirements must be satisfied. *Id.* First, the petitioner must be "in custody." *Id.* (citing 28 U.S.C. § 2241(c) and *Dickerson*, 816 F.2d at 224). Second, the petitioner must have exhausted all available state remedies. *Id.* (citing *Dickerson*, 816 F.2d at 224).

4

Petitioner has alleged that he is in custody, but he has not alleged that he has exhausted all available state remedies. Under the provisions of 28 U.S.C. § 2241(c)(3), "[p]ublic policy and 28 U.S.C. § 2283 discourage federal court interference with state court proceedings." *United States v. Dortch*, No. 8:10-CR-414, 2018 WL 1955115, at *2 (D. Neb. Apr. 18, 2018) (citing *Davis v. Muellar*, 643 F.2d 521, 525 (8th Cir. 1981)). This Court has explained:

> In relation to the exhaustion requirement, a federal court is obligated to abstain from the exercise of [habeas] jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.

*Moore*, 875 F. Supp. at 622 (citing *Dickerson*, 816 F.2d at 225).

"Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson*, 816 F.2d at 225 (citing cases). Relatedly, "[i]n *Younger v. Harris*, [401 U.S. 37, 43–44 (1971)], the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." *Harmon v. City of Kansas City, Mo.*, 197 F.3d 321, 325 (8th Cir. 1999). "The 'practical effect' of these requirements is that . . . even nondispositive claims must be exhausted by pretrial presentment to the state court." *Dortch*, 2018 WL 1955115, at *2.

Petitioner has not shown that he has exhausted all available state remedies or that extraordinary circumstances justify interference in state proceedings. Petitioner does not

5

assert that state procedure prevents him from raising his allegations or that a state forum has barred him from raising his allegations at any stage. In fact, Petitioner's state court records reveal that he raised nearly identical allegations about his conditions of confinement as recently as August 8, 2022.[4] There is no indication that the state court has addressed Petitioner's allegations and Petitioner alleges no extraordinary circumstances requiring this Court to intervene and address the claims before the state court has had an opportunity to do so. Accordingly, Petitioner has not shown he exhausted his state remedies.

Moreover, the Court cannot consider the merits of the Petition because it has not been brought against the proper party. Liberally construed, each of Petitioner's arguments relate to his confinement at the Lancaster County Jail, yet he brings this matter solely against the State of Nebraska. Under 28 U.S.C. § 2242[5] and 28 U.S.C. § 2243, the proper respondent in a habeas petition is the person having custody of the person detained. The United States Supreme Court explained that "[t]he federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242); *see also* 28 U.S.C. § 2243 ("The writ, or order to show cause

---

[4] *See State v. Lightfeather*, Case No. CR 21 1243 in the District Court of Lancaster County, Nebraska, Letter to Court dated August 8, 2022, available at https://www.nebraska.gov/justice/case.cgi.
[5] 28 U.S.C. § 2242 provides in relevant part:

> Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf.
>
> It shall allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known.
>
> ....

6

shall be directed to the person having custody of the person detained."). In *Padilla*, the Supreme Court further explained:

> We summed up the plain language of the habeas statute over 100 years ago in this way: "[T]hese provisions contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary."

542 U.S. at 435 (quoting *Wales v. Whitney*, 114 U.S. 564, 574 (1885)). Thus, the default rule is that the proper respondent in a habeas challenge to present physical confinement is the immediate custodian of the facility where the prisoner is being held, not some other remote supervisory official. *Padilla*, 542 U.S. at 435.

In this case, even liberally construed, each of Petitioner's allegations relate directly to the conditions of his confinement in Lancaster County Jail. The substantive allegations of his Petition and additional information do not assert any allegation of wrongdoing against the State of Nebraska. Accordingly, the State of Nebraska is not the proper respondent. Because Petitioner has not named the proper respondent, the Court cannot consider the claims in his original Petition, Filing No. 1, or in his Request to Provide Additional Information, Filing No. 9. Accordingly, the Petition will be dismissed, without prejudice, and Petitioner's request will be denied.

Finally, because "the detention complained of arises from process issued by a state court," Petitioner must obtain a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); *see also Hoffler v. Bezio*, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The

7

Court has applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED:

1. Petitioner Austin Edward Lightfeather's Motions for Leave to Proceed in Forma Pauperis ("IFP"), Filing No. 4 and Filing No. 8, are granted;

2. Petitioner's Request to Add Information, Filing No. 9, is denied;

3. The Petition for Writ of Habeas Corpus, Filing No. 1, is dismissed without prejudice;

4. No certificate of appealability has been or will be issued; and

5. The Court will enter judgment by separate document.

Dated this 26th day of September, 2022.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge